## THE URSULINE NUNS *v.* MICHAEL FRESCH.

By extending the privilege of breaking up flatboats on a certain part of the levee it does not follow that the prohibition to do so in any other part of the city has been withdrawn. *Vide* Acts of the Corporation, 1852, 1853 and 1858 ; p. 345 Leovy's Digest. An extension of a privilege in one place does not yield it in another.

APPEAL from the Second District Court of New Orleans, *Morgan*, J. *A. Robert* and *J. J. Michel*, for plaintiffs. *Elmore & King*, for defendant and appellant.

BUCHANAN, J. Defendant claims the right to break up flatboats opposite plaintiffs' plantation, under the city ordinances. He contends that, inasmuch as the lessee of the sixth section of the port has given him permission to *land* his flatboats at this place (as he was authorized to do by the last paragraph of the 30th section of the city ordinance, approved June 21st 1858,) he is therefore authorized to *break up* his flatboats there. But this does not seem to follow. The city ordinance of March 5th 1853, (Leovy's Digest, p. 345,) prohibits, under a penalty, flatboats from being broken up except within the space included between Sixth street and the upper limit of the city; and the same ordinance designates another portion of the levee *as a landing* for flatboats. The counsel of defendant argues that this ordinance of 1853 has been repealed by the ordinance of June 21st, 1858: for the latter ordinance appropriates the whole space between Sixth street and the upper line of the city as a landing for the shipping. But it does not follow, because the shipping will interfere with the breaking up of flatboats in the space at the upper limit of the corporation appropriated by the ordinance of 1853 for that purpose, that therefore the prohibition to break up flatboats in any other part of the city has been taken off. That prohibition appears still to exist. And as the defendant relies entirely upon a supposed authorization from the city for the occupation of plaintiff's property to break up flatboats, the absence of such authorization entitles plaintiff to have the injunction perpetuated.

We are thus dispensed with the decision of the questions raised by the

pleadings and argument of counsel, concerning the public use of the batture and levee, of which the naked ownership is in the riparian proprietor.

It is therefore adjudged and decreed, that the judgment appealed from be affirmed, with costs.

VOORHIES, J., absent.